Filed 1/30/26  P. v. Norwood CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTWONE NORWOOD,<br><br>Defendant and Appellant. | B335140<br><br>(Los Angeles County<br>Super. Ct. No. LA081109-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Martin L. Herscovitz, Judge.  Affirmed.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winter, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Antwone Norwood appeals an order partially denying his request for resentencing pursuant to Penal Code[1] section 1172.75, and denying his motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On May 20, 2016, a jury convicted Antwone Norwood of second-degree robbery. Norwood admitted to three prior strike convictions within the meaning of sections 667 and 1170.12, and five prior prison terms for felony convictions within the meaning of section 667.5, subdivision (b). At sentencing on July 26, 2016, the trial court denied Norwood's *Romero* motion and sentenced him to state prison for an aggregate term of 41 years to life. The sentence consisted of a term of 25 years to life on the robbery charge, an additional five-year term for each of his three prior felony convictions, and an additional one-year term for a prior prison term.

In 2022, the California Department of Corrections and Rehabilitation identified Norwood as an individual who received a now-invalid one-year prior prison term enhancement as part of his sentence. On November 13, 2023, Norwood filed a lengthy memorandum in support of resentencing under section 1172.75 and Senate Bill No. 483 (2021–2022 Reg. Sess.). Norwood asked the court upon resentencing to vacate the three 5-year terms for his prior felony convictions in addition to striking the one-year sentence for his prior prison term. He argued mitigating circumstances warranted a reduction in sentence: the prospect of multiple enhancements; childhood trauma he experienced

---

[1]     Undesignated statutory references are to the Penal Code.

growing up with a drug addicted mother and an absent father; sexual abuse he suffered when he was placed in the home of his aunt; his regular use of methamphetamine and cocaine to self-medicate by the time he was 18 years old; aged prior convictions which were over five years old by the time of the resentencing; negative influences from people he consorted with in the streets during his teenage years and early 20s; and positive programing he completed while in custody.  Norwood attached to his memorandum numerous commendations and certificates of programs completed in custody and a comprehensive social history written by a social worker the trial court appointed on his behalf.

Relying on Norwood's C-File from state prison, the People responded by reciting 14 rules violations he sustained in custody in the preceding six years.  They also delineated Norwood's prior criminal history of felony convictions, including robbery, burglaries, and possession of a weapon by a felon.  On December 13, 2023, the trial court conducted a resentencing hearing at which counsel argued and Norwood addressed the court personally, taking responsibility for his actions and assuring the court he was an older, more accountable, and changed man.

The trial court struck the one-year prior prison term and went on to vacate two of the three 5-year terms for each of his prior felony convictions.  It resentenced Norwood to an aggregate term of 30 years to life, consisting of 25 to life on the robbery conviction under the Three Strikes Law, plus five years pursuant to the remaining section 667, subdivision (a)(1) felony enhancement.

3

In resentencing Norwood, the trial court reminded the parties that it had presided over the original trial and sentencing. It then observed: "The only thing new that I heard in this hearing now, some nine years after the trial, ten years, is the defendant[] one[,] apologized for his conduct; two, we didn't know, I don't think there was anything in the probation report about his childhood; and three, any information about drug use. There was no record at least in his adult record of drug use. So that's coming from the defendant's statement to the social worker, that he obtained to write a report. [¶] The real problem I have when considering whether or not to strike any of the strikes in this case, is the fact that the defendant when he committed this offense was 30 years old. He was not a young man. He was not a misguided 21, 22, 18-year old, unfit juvenile. He was 30 years old and all his strikes were committed while we had the three strikes law. He knew. He was old enough, and mature enough to know, what happens if I continue to engage in this type of behavior for which the defendant was convicted, in this court for a robbery." The court continued: "In 2001, four years prison, he has credit for a year. So he did three years[;] 2002, four years in state prison; 2007, five years in state prison; 2011, 16 months in state prison[;] . . . In 2012, two years in state prison. [¶] So he's been to prison, how many times? [¶] . . . [¶] Well, I am [to] consider those issues, when it comes to the five years prior, but insofar as the base sentence, I think the defendant is well within the spirit of three strikes, based upon his abysmal record before this happened, his age and maturity the last time he was committed, and his priors including rubbery and first degree burglary." This appeal followed.

## DISCUSSION

Section 1172.75 expressly provides that if a judgment includes a qualifying prior prison term enhancement, pursuant to section 667.5, the trial "court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Subdivision (d) specifies: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).) At any such resentencing, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276 [section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements].) In addition, the court may "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

We find no error. Norwood first contends he was entitled to a full resentencing hearing under section 1172.75, subdivision (d). We agree. (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054–1055 [in resentencing under section 1172.75, subdivision (d), the trial court must apply the sentencing rules of the Judicial Council as well as any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentence and to promote uniformity of sentencing].)

He next contends he was deprived of such a hearing. We vigorously disagree. The record reflects the trial court was aware that striking the one-year sentence for the prior prison term was not the only issue before it. Specifically, after striking the one-year term, the trial court commented, "[S]o that [one-year prior] is stricken. [¶] I read and considered . . . the defendant's petition for resentencing and your expanded petition . . . , the original probation report . . . , [and] I reread the unpublished opinion of judgment." The court went on to consider whether to reduce the 15-year term for Norwood's three prior felony enhancements and the 25-year term for the robbery conviction, expressly mentioning the factors of childhood trauma, drug abuse, rehabilitation, and age at the time of the offense. The trial court demonstrated it was well aware of its discretion under the statute to reduce the aggregate sentence and expressed, as set out above, its rationale for its decision to reduce Norwood's sentence by 11 years.

Norwood next contends the trial court was required to expressly find that he would present a danger to public safety if all five-year enhancements were not vacated. Not so. In *People v. Walker* (2024) 16 Cal.5th 1024, our Supreme Court held "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements

provided that it assigns significant value to the enumerated mitigating circumstances when they are present.  In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id.* at p. 1029.)  Here the court specifically acknowledged the several mitigating factors Norwood brought to its attention and gave those factors weight—an 11-year sentence reduction.  The trial court was not required under *Walker* to vacate all enhancements just because it did not also make an express finding of danger to public safety.  Neither did it have to use the language of the statute in rendering its decision.  (*People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157 [no error on section 1172.75 resentencing despite court not using "great weight" language or analysis on the record].)

Nor did the trial court err in denying Norwood's *Romero* motion for the second time.[2]  A trial court has discretion under the Three Strikes Law to dismiss or vacate prior conviction allegations or findings in the furtherance of justice.  (§ 1385, subd. (a); *Romero*, *supra*, 13 Cal.4th at pp. 529–530.)  A trial court's refusal to strike a prior felony conviction is reviewed for abuse of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 375.)  The party attacking the sentence must clearly show that

---

[2]     This court previously affirmed the denial of Norwood's initial *Romero* motion.

7

the decision was irrational or arbitrary.  (*Id.* at p. 377.)  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives.  A decision will not be reversed merely because reasonable people might disagree.  An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.  (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978; see generally 3 Witkin, Cal. Criminal Law (5th ed. 2025), Punishment, § 521.)

As the record reflects, the trial court was aware of Norwood's background, including his age during the time of his prior strikes and the instant offense, childhood trauma, age of the prior convictions, and that Norwood did not use a firearm during the commission of the offense.  The court acknowledged, however, that Norwood's strikes were not remote in time.  From 2000 to 2012, Norwood was convicted of burglary or robbery on five separate occasions.  Norwood committed the instant offense in 2015 while he was still on parole for a 2013 conviction for possession of a firearm by a felon.  There was no "crime-free cleansing period of rehabilitation."  (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)  Unfortunately, until recently, Norwood "has led a continuous life of crime after the prior" (*ibid*.) which supports the trial court's decision to deny his *Romero* motion.  That the trial court did not also comment on Norwood's age at the time he committed his prior offenses does not render the resentencing improper.  (*People v. Downey* (2000) 82 Cal.App.4th 899, 919 [court not required to state reasons for rejecting factors in mitigation].)  The trial court properly balanced mitigating and aggravating factors and acted well within its discretion in denying Norwood's *Romero* motion.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

VIRAMONTES, J.

SCHERB, J.

9